## Luther Cross & Co. *v.* Luther Haskins.

It is no objection to the *admission* of a deposition, stating that the deponent received of the defendant certain property for which the defendant now claims pay of the plaintiff, and credited the same on book to the defendant, and settled with the defendant therefor, that the deponent's day-book and ledger are not produced to show his entries.

A declaration on book in offset is a branch of the original cause; and a deposition certified as taken to be used in the original cause, may be used before the auditor.

If property be entrusted with an agent for sale, any person buying and paying *in good faith*, is protected, though the agent may have exceeded his private instructions.

When the balance on book in a declaration in offset is found for the original plaintiff, that balance is to be applied in the original action, and judgment to be rendered for the ultimate balance between the parties, in the same manner as in a plea in offset and replication in offset, in assumpsit.

In such case, the plaintiff should recover costs only in that proceeding in which he was successful.

This was an action of assumpsit in favor of Luther Cross and Ira Day, late partners under the firm of Luther Cross & Co. The defendant filed in offset a declaration on book, and the questions presented for the decision of this court arose from the proceedings upon the declaration in offset. Judgment to account was rendered in the county court, and an auditor was appointed, who reported that the amount of Haskin's account, as presented by him, was $298,50, of which the auditor allowed $152,56; that the account of Cross & Co., as presented by them, amounted to $378,36, which was reduced by the auditor to $217,61, leaving a balance due to Cross & Co., of $65,05, which the auditor found to be the balance due from Haskins to Cross & Co., subject, however, to the opinion of the court upon the following statement of facts.

On the trial before the auditor, Cross & Co. offered the deposition of Gardner W. Ware, who testified that an item in Haskins' account, being ninety-nine and one half gallons of linseed oil, amounting to $111,93, was delivered by Haskins to the firm of G. W. Ware & Co., on a contract, (as the deponent was informed, by Haskins,) made between Haskins and the firm of Cross & Co; that said oil was credited to Haskins upon the books of Ware & Co, and after-

wards the deponent, who was a member of the firm of Ware & Co, settled with Haskins and accounted to him for said oil. To the admission of this deposition, Haskins objected, first, because it appeared, from the certificate of the magistrate before whom it was taken, that it was taken to be used in a suit in which Cross & Co. were plaintiffs, and Haskins defendant, whereas, as Haskins contended, the latter was plaintiff in the declaration in offset, and Cross & Co. were defendants; secondly, because the books of Ware & Co, containing their account against Haskins and the settlement thereof, were better evidence than the deposition, and should have been produced. The blotter and journal of Ware & Co. were produced before the auditor, and it was satisfactorily shown that their ledger was in the state of New-York. The auditor overruled the objections to the deposition, and it was received in testimony.

Cross & Co. also presented to the auditor an account, amounting to $19.50, called the *hat-shop* account, being for hats sold to Haskins, by Seth Kimball, agent for Cross & Co., under a contract, that Haskins should pay for the hats in linseed oil; and, in pursuance of the contract, Haskins delivered oil to Kimball in full payment for the hats, which oil was used by Kimball in painting his own house. At the time of making this contract, Haskins had no knowledge that Cross & Co. had any interest in said *hat-shop* or hats, but he knew that the oil was to be used in painting Kimball's house. The auditor allowed to Cross & Co. the amount of the *hat-shop* account, and disallowed a charge made by Haskins for the oil delivered in payment of that account.

If the court should be of the opinion that the deposition of Ware was improperly admitted by the auditor, and that the payment by Haskins of the hat-shop account was such a payment as would bind Cross & Co. then the auditor found a balance in favor of Haskins of $119.95; or if the court should be of the opinion that the deposition of Ware was improperly admitted, and the hat-shop account properly allowed in favor of Cross and Co., and the charge for oil delivered by Haskins in payment thereof properly rejected, then the auditor found a balance of $90.33 in favor of Haskins; or if the court should be of the opinion that the deposition of Ware was properly admitted, and that the charge by Haskins

WASHINGTON, for the oil delivered in payment thereof improperly disallowed,
*March,* then the auditor found a balance of $14.25 due from Haskins
1841. to Cross & Co. to balance book accounts between them.

Cross & Co.     Upon the coming in of the auditor's report, Haskins insist-
*v.* ed that he was entitled to recover of Cross & Co. the sum of
Haskins. $119.95, or the sum of $90.33, and Cross & Co. insisted that
they were entitled to recover of Haskins the sum of $65.05.

The county court accepted the report and rendered a judgment that Cross & Co. recover of Haskins the sum of $14.25, and both parties excepted to the decision.

*O. H. Smith,* for defendant.

The declaration on book must be regarded as a mere mode of proceeding to ascertain the balauce due between the parties, and the judgment thereon as merely an interlocutory judgment, and preparatory to a plea in offset ; or else it is to be considered and tried, in all respects, as a separate suit, until the proceedings shall be connected with the original suit by a plea in offset of the judgment recovered on the declaration on book.

If the judgment on book is to be considered as interlocutory, then, as Haskins recovered a final judgment in the original suit, he must recover his cost, and the proceeding on book will be held for naught, there being no plea to connect it with the original suit. See *Martin* v. *Trowbridge et al.,* 1 Vt. R. 483.

If the declaration on book is to be regarded as analogous to the privilege the plaintiff has in the court of King's bench, where he commences by bill of Middlesex, (see 3 Bl. Com. 285, 293,) the plaintiff, being in court, and notified by filing the declaration, then it should be tried in all respects as a separate suit, until it is connected with the original suit by a plea in offset.

If the latter is considered as the correct doctrine, then it is manifest that the deposition of Ware was improperly admitted by the auditor. 1 Aik. R. 264. 3 Vt. R. 68. 8 Vt. R. 400. The deposition was also inadmissible unless accompanied by Ware & Co.'s ledger, (1 Sw. Dig. 770. 1 Stark. Ev. 260,) or by a sworn copy.

The county court decided correctly in relation to the hat-shop account. 2 Aik. R. 386.

Haskins is entitled to judgment for his costs. 3 Vt.
R. 9.

*A. Spaulding,* for plaintiffs.

The first objection taken before the auditor was, because it appeared by the certificate attached to Ware's deposition, that it was taken to be used in a cause in which Luther Cross & Co. are plaintiffs and Luther Haskins defendant.

This is a case where, by statute, the original suit is stayed by a declaration on book. Statute, p. 86, § 93.

The magistrate, in his certificate, has followed the record, and from that described the parties. This is all the law requires him to do.

2. The certificate is correct, in any point of view. This declaration is a part of the original suit. The statute provides that if the defendant shall recover on such declaration, the sum so recovered shall be pleaded as an offset against the original plaintiff's demand. Here the term, defendant, clearly means the defendant in the original suit. Again, the auditor is merely an officer appointed by the court to find the facts in the case. He can, in no wise, be regarded as a court. As well might we call a special master in chancery a court of chancery. The court have the control, and render the judgment.

The second objection to the deposition is groundless. It was not necessary to produce the books at all; but the original books were produced, except the leger.

3. The county court improperly disallowed the "hat-shop account."

Haskins paid in oil to Kimball, the agent, which Kimball used for the purpose of painting his own house. This was a fraud upon plaintiffs, and defendant was a party to it.

The authority of a general agent must, necessarily, be restrained to the transactions and concerns incident to the business of the principal. 13 Mass. 178. 17 Mass. 1.

Where a particular agent exceeds his authority, his act, not being binding on the principal, will be binding on himself. 1 Sw. Dig. 327.

The opinion of the court was delivered by

COLLAMER, J.—The defendant's objection to the deposi-

tion of Ware before the auditor is not well taken. That deposition is, in substance, that the deponent received of Haskins the oil he has charged the plaintiffs, and gave him credit therefor on book, and has settled with him therefor. It is now objected that this deposition could not be received, as the deponent's books were better testimony. But they were not better testimony, that is, testimony of a higher character. They were not within the plaintiffs' control, and, if produced, could have been no substitute for the deposition. They might have shown oil credited and settled, but could not have shown it was this oil. The deposition was therefore admissible, and it rested entirely with the auditor whether he would believe it without confirmation by the books.

The plaintiffs object that the auditor and court did not allow their claim for hats. When the plaintiffs employed an agent to sell hats, he was authorized to receive pay; and all, who purchased of him and paid him, in good faith, are protected, notwithstanding he appropriated the avails to his own use unauthorizedly, especially when the purchaser knew nothing of the *agency.*

By our statute, the defendant may plead in offset matter *ex-contractu*, which plea is to be in the form of a declaration on the claim; and to this the plaintiff may reply other claims against the defendant, and judgment is to be rendered for the ultimate balance. When the defendant's claim is on book, he files his declaration on book, and the account is adjusted by an auditor. If the balance is found for the defendant, the statute directs its application in offset. If the balance is found for the original plaintiff, the statute does not directly provide the mode of proceeding, but its consistency is still to be preserved and the same course is to be followed and the same result produced as if the defendant had pleaded in offset in the form of assumpsit, and the plaintiff had replied in the same manner. The balance in favor of either party is to be carried into the action, and judgment to be for the ultimate balance. These pleadings in offset are all branches of the original action, and depositions to be used on their trial are properly taken and certified, when they are taken and certified to be used in that suit.

In this case, the plaintiffs ultimately failed to sustain their original declaration. Still, the county court correctly entered

judgment for the plaintiffs, for the balance found in their <span style="float:right">Washington,<br>*March,*<br>1841.</span> favor on book, on the defendant's declaration ; but the plaintiffs should recover cost only on that proceding in which they were successful.

Judgment affirmed.