Herrick *v.* Richardson.

---

## HARVEY HERRICK *v.* ARTEMAS RICHARDSON.

If the plaintiff's claim, in an action of assumpsit, is in the nature of book charges, and the defendant files a declaration on book account in offset, and the plaintiff, on the trial before the auditor, chooses to present his whole claim by way of an account in offset to the account presented by the defendant, and the auditor considers and decides upon the whole matter, and reports that there is a balance due from the plaintiff to the defendant, and that report is accepted by the county court, and judgment is rendered thereon in favor of the defendant, for the balance found due by the auditor, the plaintiff's claim becomes thereby *res adjudicata,* and he cannot be allowed to prosecute his claim farther, on the trial of the original action ; but judgment must be rendered therein for the defendant, for the balance found due to him on the declaration in offset.

Where, in such case, the plaintiff, in his declaration in the original suit, claimed for certain property, which had been delivered by him to the defendant, to be disposed of, and the account presented by the defendant before the auditor consisted mainly of charges for his services as agent, and for money paid by him to the plaintiff, as the avails of the property sold by him, and the plaintiff presented his whole claim before the auditor, to be passed upon by him, as an offset to the defendant's account, and the auditor considered the accounts upon both sides, as presented, and reported that there was a balance due to the defendant, it was held that the whole matter might thus be settled in the form of an action on book account.

Herrick *v.* Richardson.

And if, in such case, the plaintiff's claim be not strictly of a nature proper to be settled in the action on book account, yet if the plaintiff himself have presented the claim before the auditor, and it has been adjudicated upon without objection on the part of the defendant, the plaintiff cannot afterwards claim, on the trial of the original action, that he is entitled to prove the same claim, upon the ground that it should properly have been settled in that form of action, rather than as a claim on book account.

Assumpsit to recover the avails of certain property, received by the defendant to sell as agent for the plaintiff, and for which the plaintiff alleged that the defendant had not accounted. The defendant filed a declaration on book account in offset, on which judgment to account was rendered, and an auditor was appointed.

On the trial before the auditor the defendant presented his account, and the plaintiff, as an offset thereto, presented, in the form of an account, the same claim upon which the original action was founded,—which consisted, mostly, of charges for stoves delivered by him to the defendant, to sell as agent, a part of which the defendant had sold, and received the avails, and the remainder of which were not disposed of, but still continued in the possession of the defendant. The auditor examined the accounts of the parties fully, as presented before him, and reported that there was a balance due to the defendant, to balance the accounts, of $25,21. The report was accepted, and judgment rendered thereon, by the county court.

On the trial of the original action the plaintiff offered evidence to substantiate the claim set forth in his declaration, to which the defendant objected, for the reason that the whole subject matter had been submitted to and passed upon by the auditor. The county court sustained the objection, and rendered judgment in the action, in favor of the defendant, for the balance adjudged due to him on the declaration in offset; to which the plaintiff excepted.

*A. P. Hunton* for plaintiff.

There is error in the judgment of the county court,—

1. Because the claims, adjusted before the auditor, are such as, by law, cannot be settled in the action of book account. *Allen* v. *Thrall,* 10 Vt. 255. *Hall et al.* v. *Peck et al.,* 10 Vt. 474. The defendant was the plaintiff's factor; he was entrusted with the possession of the goods, and was employed to sell them and receive the

pay. 1 Chit. on Cont. 56, 57. The mode of compensation does not determine the kind of agency, nor affect the rights, or liabilities, of the parties. The proper remedies, by suit, are either account at common law, or assumpsit; 2 Saund. Rep. 127, n.; and these remedies are reciprocal. Factors have also a remedy by a lien upon the goods; 1 Com. on Cont. 267; he has also the right to retain the money in his hands, and is paid, so far as money of the principal has been received by him, and, if he has sufficient, he can sustain no suit against his principal; but if he should bring one, such being the fact, it would be unnecessary for the principal to plead in offset;—the law makes the application. *Hereford* v. *Powell*, cited in 1 Com. on Cont. 271. Rights like these cannot be settled in the book action.

2. A factor cannot bring an action for factorage, unless the principal refuse to come to account. *Hereford* v. *Powell*, *ub. sup.* The facts, necessary to be proved, are the same, whatever may be the form of the action. The report does not show that the defendant ever offered to account, or requested the plaintiff to account, or pay any thing to him, or that the plaintiff ever declined to account.

3. There was nothing submitted to the auditor, but what was included in and is a part of the transaction, which is the foundation of the plaintiff's suit, and which should be there tried. A matter of this kind cannot be separated, nor the whole of it be transferred from the original suit to a declaration in offset.

*Tracy & Converse* for defendant.

1. If the judgment of the court below, accepting the report of the auditor, was correct, the court properly excluded the testimony offered on the trial of the main case. Because, if the testimony had been admitted, it must have gone to the jury with the fact, that the same matter, sought to be established by the testimony, had already been decided upon in the proceedings upon the book account; and this fact would have entirely neutralized the testimony offered, if suffered to have its legitimate effect.

2. If the testimony offered was not thus subject to be neutralized by the accompanying fact, in the minds of the jury, it should surely be withheld from them; otherwise the plaintiff would recover twice for the same thing.

48

3. The facts in the case being ascertained, it could no longer be a question to the jury, but was purely a question of law; the testimony, therefore, was properly withheld from the jury.

4. The matters passed upon by the auditor were properly within his cognizance. They were intrinsically proper subjects of book charge,—at least, those presented by the defendants were so. If any of the claims, passed upon by the auditor, were objectionable, as being without his jurisdiction to try, they were those which were presented by Herrick; and, most obviously, he cannot now say that they were improper matters for the auditor to pass upon.

The opinion of the court was delivered by

HEBARD, J. The plaintiff, in the original action, offered to prove the claim set up in his declaration; and this was objected to, for the reason that the whole subject matter had been adjusted by the auditor. There can be no doubt but that this objection was well taken, provided the defendant's claim was a proper matter to be adjusted in a declaration on book account.

In an action ex contractu the defendant may plead in offset any matter of contract; and the nature of the claim determines the form and mode of proceeding. If the claim is on book, then it must be sent out to auditors, and there be adjusted; and to this the plaintiff may file in offset his book account, so as to arrive at the balance.

If the claim of the plaintiff, upon which the main action is founded, is in the nature of book charges, and he submits it to the jurisdiction of the auditor,—as he may do,—and the auditor passes upon and adjusts it, the plaintiff cannot afterwards break away from that adjudication by the auditor and claim a new hearing, upon a different mode of proof, and in a different form of trial, with the hope of a more favorable result. This would contravene the well settled principle of law, under which a matter, once passed upon by a competent tribunal, is treated as res adjudicata. If the plaintiff consents to merge his original cause of action in a new one, he does so as a matter of choice. He might have refused to submit his claim to the determination of the auditor; but we do not see any injustice in the proceeding, since the result must have been the same. This view of the case is fully sustained by the case of Cross et al. v. Haskins, 13 Vt. 536. The balance, in that case, was in favor of the plain-

tiff, but the principle was the same. The main question, therefore, is, whether the subject matter of the transaction could properly be adjusted in the book action.

Upon this point, it is insisted that the matter between the parties was of such a character, that it could not, consistently with legal proceedings, be adjusted in this manner,—but that it should be settled in an action of assumpsit, or account. So far as convenience is concerned, the *book action* is preferable to assumpsit, and the remedy is as ample; and little can be said in favor of the action of account over the action on book account. Much of the defendant's claim was strictly of the nature of book account. The most objectionable part, of all which was submitted to the auditor, was that which the plaintiff himself presented,—being for property delivered to the defendant to sell, and for which the defendant was not chargeable, until he had sold it and had received the pay. But to this the defendant makes no objection, and the plaintiff, of course, has no right to object.

The judgment of the county court is affirmed.