## H. J. BERTOLI *vs.* E. L. SMITH & Co.

January Term, 1897.

Present: Ross, C. J., ROWELL, TYLER, MUNSON and START, JJ.

*Agency—Sale of Goods not in Seller's Possession—Explanation of Conduct—Discrediting Witness by proof of Hostility.*

The plaintiff, having formerly sued another party for the price of goods for which he now sued the defendants, was entitled to show the mistake under which the first action was brought.

An impeaching witness may be asked whether he has had trouble with the witness whom he discredits, but it is not error for the court to exclude inquiries touching the cause and nature of the trouble.

One who purchases from an agent who has neither the possession of the goods nor the muniments of title, cannot defend against the undisclosed principal by showing that he credited the goods on a claim against the agent, supposing him to be the owner.

When the seller is without possession or other evidence of title nothing further is needed to put the purchaser on inquiry.

ASSUMPSIT. Plea, the general issue. Trial by jury at the September Term, 1896, Washington County, *Taft*, J.,

presiding. Verdict and judgment for the plaintiff. The defendants excepted.

The defendants requested the court to instruct the jury that if the agent was authorized to sell the tablets, and sold them in his own name without disclosing the principal, and the defendants had no knowledge of the truth, and there was nothing to excite their suspicion, they were entitled to set off any claim they had against the agent, as if the suit had been brought in his name. The instruction was refused and the jury were told that the agent would have no right to sell to the defendants and take pay by credit from the defendants upon their account against him. To the refusal and the charge the defendants excepted.

*John W. Gordon* for the defendants.

*Fred L. Laird* for the plaintiff.

MUNSON, J. The tablets for which the plaintiff seeks to recover were sold to the defendants by one W. A. Rice, who received credit for them on an account which the defendants had against him. The plaintiffs' evidence tended to show that he was the owner of the tablets, and had specially authorized Rice to make the sale. The defendants' evidence tended to show that the plaintiff's ownership was not disclosed, and that they bought with an understanding that Rice was the owner.

The plaintiff testified that when he called upon the defendants for payment they told him they had paid Rice, and that he understood from this that they had paid him in money, and thereupon brought a suit against Rice. The testimony as to his understanding was objected to, but was properly received. It was permissible for the plaintiff to explain how he came to sue Rice, and as a part of that explanation to state what he understood from the statement that Rice had been paid. The bringing of the suit against Rice upon such information and understanding cannot be urged in defense of this suit. Action taken without a

knowledge of the facts does not amount to an election. 7 Ency. Plead. & Pract. 366. See *White* v. *White*, 68 Vt. 161.

The plaintiff produced witnesses who testified that Rice's reputation for truth was below par. The defendant proposed to show, as affecting the credibility of the witnesses, that they had had some trouble with Rice about claims which they severally had against him, and this offer was excluded. An impeaching witness may be asked whether he has had a quarrel with the witness whom he discredits. *Long* v. *Lamkin*, 9 Cush. 361. But in showing the hostility of a witness, a party is not entitled to inquire into the cause or the particulars of the difficulty. 73 Am. Dec. 775 note; *State* v. *Glynn*, 51 Vt. 577. It was within the discretion of the court to restrict the evidence to the simple fact of trouble, and as this offer embraced more it was not error to exclude it. Nor were the defendants entitled to show that Rice was indebted to the bank of which one of these witnesses was cashier.

The defendants were not entitled to the charge requested, and the charge as given was correct as applied to the case presented. The person making this sale did not have the property in his possession. The defendants' own testimony showed that the tablets were in the shop of the plaintiff at the time of the sale, and that they went there to examine them before making the purchase. It is clear that one who purchases from an agent who has neither the possession of the goods, nor the muniments of title, cannot defend against the undisclosed principal by showing that he credited the goods on a claim against the agent, supposing that he was the owner. Mech. on Agency § 773; *Bernshouse* v. *Abbott*, 45 N. J. L. 531: 46 Am. Rep. 789. It will be found that our own cases which recognize this defense were cases where the property was in the possession of the seller. In *Lapham* v. *Green*, 9 Vt. 407, where it is said that when the suit is not brought in the name of the person ostensibly contracting it will be open to whatever defense could obtain if it were so

brought, the goods were in the possession of the persons who made the sale. In *Cross* v. *Haskins*, 13 Vt. 536 where the court disallowed the plaintiff's claim for goods disposed of by one who was in fact their agent in a transaction which was manifestly for the seller's own benefit, it would seem that the articles were sold from a shop which was in charge of the seller, and the case is so treated in the head-note.

The defendant cites *Squires* v. *Barber*, 37 Vt. 558, as showing what must appear to deprive a purchaser of this defense. It did not appear in that case whether the seller had the possession or not, but there was enough to charge the purchaser with notice even if the seller had possession; and the case was disposed of without referring to the question of possession. There is nothing in the opinion to justify a claim that the notice held sufficient in that case is necessary in all cases. When the seller is without possession or other evidence of title, nothing further is needed to put the purchaser on inquiry.

*Judgment affirmed.*