## STATE *v.* FRED BAIRD.

### May Term, 1906.

Present:  TYLER, MUNSON, WATSON, HASELTON, POWERS, and MILES, JJ.

Opinion filed November 19, 1906.

*Criminal Law—Larceny—Evidence—Felonious Intent—Curtailing Cross-Examination—Discretion of Court.*

The court may, in its discretion, properly refuse to allow a cross-examiner to go into details in showing the hostility of a witness.

In a prosecution for stealing a partnership's money from a safe in its store, where the only defence was that the money was taken by the direction of one of the partners, and there was evidence that the respondent entered the store after it was closed for the night, opened the safe, appeared to take something therefrom and put it into his pocket, and then closed the safe and went out; that counts of the money made before and after this, showed that $2.50 had been taken; and that when the respondent was arrested he said that he had not been to the safe and did not know its combination; the evidence tended to show that the taking was felonious, and the court properly refused to direct a verdict of acquittal on the ground that the State had failed to show that the money was not taken by the direction of said partner.

In a prosecution for stealing a partnership's money from a safe in its store, where the only defence was that the money was taken by the direction of one of the partners, the court properly refused to allow the respondent to show by that partner that for some time before the occurrence there had been trouble between the partners; that there was a conspiracy between the witness's partner and the latter's prospective son-in-law to make a scapegoat of the respondent for the purpose of getting the prospective son-in-law into the witness's place in the business, to which end a certain bill in chancery to dissolve the partnership was also brought, and that said conspirators had since become partners in business at said store.

17

In a prosecution for stealing a pertnership's money from a safe in its store, where the only defence was that the money was taken by the direction of one of the partners, although the State, in its opening, showed by the other partner that there was no charge to any one of the amount taken, and that no settlement of it had been made with the firm, a witness for the respondent having subsequently testified that the money taken was accounted for by being included in a certain twenty dollar charge, the State, in rebuttal, was properly allowed to show by the bookkeeper that the money taken could not have been included in that charge.

INDICTMENT for petty larceny. Plea, not guilty. Trial by jury at the March Term, 1905, Washington County, *Rowell*, J., presiding. Verdict guilty; judgment and sentence thereon. The respondent excepted. The ruling reviewed in the opinion, as to the admissibility of the evidence in rebuttal, was made as matter of law, and not of discretion. The opinion fully states the case.

*M. M. Gordan* and *Senter & Senter* for the respondent.

No felonious intent at the time of the taking was shown, hence the court should have directed a verdict of acquittal. *Bullers* v. *State,* 30 Tex. 367; *Hill* v. *State,* 57 Wis. 377; *The Queen* v. *Cole,* 2 Cox C. C. 340; *Love* v. *People,* 160 Ill. 508; 1 Wharton's Cr. Law, §883; Hughes' Cr. Law and Pr., §2428.

The respondent's several offers to show interest on the part of the complaining witness, Averill, should have been received. 2 Wigmore, Ev., §901; *Burger* v. *State,* 83 Ala. 36; *People* v. *Bird,* 124 Cal. 32; *Crippen* v. *People,* 8 Mich. 117; *Tolbert* v. *Burk,* 89 Mich. 132; *Ellsworth* v. *Potter,* 41 Vt. 685; *Hutchinson* v. *Wheeler,* 35 Vt. 330; Abbott's Trial Brief, 285; Hughes' Cr. Law and Pr., §3036; Abbott's Trial Brief, §§185, 285 and cases cited; 2 Wig. Ev., §§940, 950.

The court erred in holding, as matter of law, that the evidence of the bookkeeper was admissible in rebuttal. *Allen* v. *Whittemore,* 171 Mass. 259; 3 Wig. Ev., §1873; *Clinton* v. *McKenzie,* 5 Strobh. 36, 42; *Mueller* v. *Rebham,* 94 Ill. 142, 150.

*Benjamin Gates,* State's Attorney, for the State.

MUNSON, J.  The respondent, a workman in the employ of Prindle & Averill and a brother-in-law of Prindle, was charged with stealing money from the partnership safe.  The defence was that the money was taken by Prindle's direction.

During Averill's cross-examination he testified that he had never had any considerable trouble with his partner, and upon objection being made to a further inquiry, respondent's counsel offered to show declarations and sworn statements made by the witness relative to the respondent and Prindle, and that witness had caused the arrest of the respondent and been active in the prosecution, and that one object he had in view was to drive Prindle out and get control of the business.  The court said that any feeling the witness had against the respondent might be shown in a general way, but that counsel would not be permitted to go very much into detail.  Counsel took an exception to this ruling, and made no further inquiry.  The court's disposition of the matter was correct.  It permitted further inquiry as to the feelings of the witness towards the respondent, but with an intimation that not much detail would be allowed.  It was within the discretion of the court to limit the inquiry.  2 Wigm. Ev., §951; *Bertoli* v. *Smith,* 69 Vt. 425.  We do not know where the court would have drawn the line, for the inquiry was not pursued.

At the close of the State's evidence the respondent moved the court to direct his acquittal, on the ground that the State

had failed to show that the money was not taken by the direction of Prindle. The State meets this point without claiming that the motion was waived by proceeding with the defence, and we dispose of the matter as argued. The motion was properly overruled. There was evidence that after the store was closed for the night the respondent went into it and opened the safe, appeared to take something out of the safe and put it into his pocket, and closed the safe and went out; that counts of the money made just before and just after this occurrence showed that two and one-half dollars had been taken; and that when the respondent was arrested he said that he had not been to the safe and did not know the combination. This was evidence tending to show that the taking was felonious.

The respondent offered to show by Prindle, who was called for the defence, that for some time before this occurrence there had been trouble between the partners; that Averill was desirous of getting witness out of the business to make a place for his prospective son-in-law; that a conspiracy was entered into by these people to make a scapegoat of the respondent for the purpose of bringing about this result; that a bill in chancery setting up this matter was brought to secure a dissolution of the partnership; and that Averill and the person referred to have since become partners, and are now doing business at the Prindle & Averill stand. Evidence of this character was clearly inadmissible. The respondent had already testified that he went to the safe at the time and in the manner testified to by the State's witnesses, and took the amount claimed to be missing, but that Prindle sent him to get it. The only point in controversy was whether the respondent had this authority. This was something upon which the State's witnesses had said nothing and could say nothing. The offered

testimony had no bearing, direct or indirect, upon the controverted point.

The State showed by Averill in its opening that there was no entry of the amount taken as charged to any one, and that no settlement of it had been made with the firm. The witness was cross-examined as to the manner of keeping the cash account and the contents of the change bag, and was briefly inquired of upon that subject in re-examination. Prindle, a witness for the respondent, testified that the money was accounted for by being included in a twenty dollar item charged to him. In its rebuttal the State was permitted to show by the bookkeeper that the money taken could not have been included in that item. The respondent excepted to this on the ground that it was part of the State's case, had in fact been inquired about in its opening, and was not proper rebutting evidence. The objection was not well taken. It was clearly permissible for the State to meet with further and more particular evidence the specific claim developed by the defence. *Stillwell* v. *Farewell,* 64 Vt. 286.

*Judgment that there is no error in the proceedings and that the respondent take nothing by his exceptions. Let sentence be executed.*