# CASES ARGUED AND DETERMINED

## IN THE

# SUPREME COURT OF VERMONT

---

LESLIE E. STRATTON v. HOLDEN & MARTIN.

Special Term at Brattleboro, February, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed November 13, 1916.

*Offset—Book Account—"Conceded Credits"—Right to Try Case on Original Declaration—Auditor's Report—Res Judicata — Contracts — Construction — Exceptions—When not Considered.*

Plaintiff brought an action of general assumpsit against defendant to recover a balance claimed to be due on certain contracts. Defendants filed a declaration in offset in book account, under P. S. 1520. Judgment to account was rendered and an auditor appointed, who heard the evidence on defendants' declaration, and reported a balance due defendants on items of debit and credit of $38.14. He reported also that if defendants were entitled to recover another item of alleged overpayment to plaintiff, they should recover an additional sum. The county court accepted the report only so far as the balance of $38.14 was concerned, holding that the other item claimed by the defendants might be pleaded by them in offset to the plaintiff's declaration. *Held*, there was really nothing for the auditor, and as the judgment

1

on the report, so far as it was accepted, left the difference of the parties for litigation in the way provided by law, defendants could not complain.

Items charged in plaintiff's specifications, and credited by defendants in their specifications and in their declaration in offset in book account, are properly spoken of as "conceded credits."

A declaration in offset in book account, under P. S. 1521, does not supersede plaintiff's declaration, nor deprive him of the right to try his own case on his own declaration.

Where defendants filed a declaration in offset in book account, under P. S. 1521, and pleaded the report of the auditor as *res judicata*, upon which plea plaintiff joined issue, defendants' motion for judgment on the plea was properly overruled, where it appeared that the report was accepted and allowed in part only, and that plaintiff introduced no evidence before the auditor, and, in effect, refused to submit his claim for determination by him.

Where certain contracts for the manufacture of logs into lumber provided that the lumber should be counted in the piles and settlement made by defendants on that basis until the lumber had been finally shipped, when any error in the count should be corrected, the court properly charged the jury that the contracts did not provide that one set of measurements should prevail more than another, but that the correct measurement of the lumber should prevail.

An exception taken by plaintiff to the report of an auditor appointed to hear the evidence on a declaration in offset in book account filed by defendants under P. S. 1521, will not be considered in Supreme Court, where plaintiff took no exception to the final judgment in the case, and where the case comes to Supreme Court on the exceptions of defendants alone.

ASSUMPSIT to recover an alleged balance due for work and labor performed under certain written contracts for the cutting, hauling, sawing and sticking up of logs, and the manufacture of the same into lumber. Defendants filed a declaration in book account in offset, under P. S. 1520 and 1521; judgment to account was entered, and an auditor appointed, who heard the evidence produced by the defendants and made his report to the county court, which report was accepted in part. Defendants thereupon pleaded the general issue, and a special plea of *res judicata*. Trial by jury at the September Term, 1915, Windham

County, *Fish*, J., presiding. Verdict and judgment for the plaintiff. The defendants excepted. The opinion states the case.

*Arthur P. Carpenter* and *Frank E. Barber* for the defendants.

*Chase & Chase* and *W. R. Daley* for the plaintiff.

HASELTON, J. This is an action of general assumpsit to recover a claimed balance for work and labor done by the plaintiff for the defendants under certain contracts. The contracts were originally between the defendants and one Gray, but this fact is here immaterial as there was a substitution of the plaintiff for Gray, by virtue of instruments that need not be set out. The matter just referred to is not claimed to be material.

When the plaintiff's action of assumpsit had been entered in court, the defendants, at the first term, filed in offset a declaration in book account under P. S. 1520. Judgment to account on the defendant's declaration in offset was rendered, an auditor was appointed, and a trial by him was had under such declaration before the trial of the original action.

All the matters which the defendants sought to have tried and determined by the auditor arose by virtue of the contracts referred to, which, together with the doings under them, were the basis of the plaintiff's action.

At the opening of the hearing before the auditor, after counsel for the defendants had stated their claims, counsel for the plaintiff asked that the defendants be ordered to file a specification of their claims before any evidence was produced.

Such specification was filed, and the defendants offered in evidence the contracts referred to under and by virtue of which the plaintiff's action of assumpsit was brought.

To the admission of these contracts in evidence before the auditor the plaintiff objected on the ground that the doings under these contracts were not proper to be tried by the auditor, but should be tried in the original action upon the plaintiff's specification therein. The contracts were received in evidence by the auditor, and the plaintiff excepted. After the specifications were filed, the plaintiff objected to any evidence before the auditor as to matters to which they related, on grounds suffi-

ciently indicated in the objection to the contracts themselves as evidence before the auditor. However, the auditor proceeded to hear the evidence offered by the defendants, except that about which no question is made here, but the plaintiff objected and excepted throughout.

The plaintiff's counsel cross-examined the defendants' witnesses, but offered no evidence in his own behalf at the hearing before the auditor. The auditor credited the plaintiff with the sum of $16,052.30, and charged him with the sum of $16,090.44. With regard to these items of credit and debit it appears that the specification of the plaintiff in his action, and that of the defendants in their counter declaration on book, corresponded, and, taking into consideration these items only, the auditor's report showed a balance due the defendants of $38.14.

The auditor reported that if the defendants were entitled to recover back $822.18, claimed as an overpayment, and claimed in a separate item of the specification under the declaration in offset of the defendants, then the defendants should recover that sum in addition to the balance above stated, making in all $860.32 that the defendants would be entitled in such case to recover. The court in passing upon the auditor's report held that nothing, at least, beyond the payments and the conceded credits, showing the balance in the defendants' favor of $38.14, was properly before the auditor, and to that extent only accepted and allowed the auditor's report, and ordered that such balance might be pleaded in offset against the demands of the plaintiff under his declaration in assumpsit. See P. S. 1521. The judgment order ran thus:

"It appearing by the auditor's report that all the items of book account which the defendants sought to try arose under and by virtue of certain special contracts therein set forth, it is adjudged that the only items properly included in the book account, if any determinable by the auditor, are the payments amounting to $16,090.44, and the conceded credits allowed by them amounting to $16,052.30, and that the balance is $38.14, which the auditor finds is the true balance of the book account as made by the defendants' books on the measurements therein conceded by defendants, and to that extent only the report of the auditor is accepted and allowed, and the balance of those items as herein stated and shown by defendants' books may be pleaded in offset against the demands of the plaintiff under his

declaration and specification, as the law directs." The defendants excepted to the judgment and order of the court on the ground that it should have accepted the report of the auditor in its entirety and have rendered judgment for the defendants thereon for $860.32, and they argue that exception here on the findings of the auditor. The defendants also excepted to the judgment on the ground, as briefly stated in this Court, that there was error in the judgment order in that it spoke of the credits allowed as "conceded credits," whereas both the debits and credits were for the auditor to pass upon and were passed upon by him.

The items spoken of by the court as "conceded credits" were, as we have seen, those that were both charged in the plaintiff's specification in the main case, and credited by the defendants in their specification, original and amended, in their declaration in offset on book. So they were properly spoken of as conceded credits.

But it is immaterial what the court called them, for the effect of the judgment of the court was to leave, for trial in the plaintiff's original action, all matters as to which the specifications did not correspond.

There really was nothing for the auditor, and the court intimated a doubt that there was; and as the judgment on the report so far as it was accepted, left the difference of the parties for litigation in the way provided by law, the defendants have nothing to complain of in the judgment rendered on the auditor's report.

The defendants say that there can be no question that all matters considered by the auditor were proper matters of book account. Let this be granted: The fact remains and is not disputed, that they were proper for determination in an action of assumpsit, which the plaintiff of right brought and was entitled to have tried.

The defendants seek to wrest the statute, providing for a declaration on book in offset, from its true purpose. Such a declaration does not supersede the plaintiff's and deprive him of the right to try his own case on his own declaration, as the statute makes unmistakably plain. P. S. 1521.

The defendants filed a bill of exceptions to the judgment and order of the court, and the bill was ordered to lie until the determination of the case in the county court.

Thereafter the defendants filed the general issue to the plaintiff's declaration, and also a special plea of *res judicata* on the grounds that they had declared in offset on the identical matters covered by the plaintiff's declaration, that an auditor had been appointed who had heard the whole case, and made report thereon, and that on such report the county court had rendered judgment for the defendants for $38.14, and that the report and judgment thereon covered everything for which the plaintiff had brought suit.

The plaintiff joined issue on this plea of *res judicata,* and the defendants moved for a judgment in their behalf thereon. Their motion was overruled, and a jury empanelled, all subject to objection and exception on the part of the defendants.

The defendants here say it can readily be seen that the auditor passed upon the whole case. But it was precisely because the auditor did this, that his report was not accepted as a whole, and no judgment was rendered thereon, except the limited one already referred to. The defendants invoke the doctrine of *Herrick* v. *Richardson,* 17 Vt. 375. That doctrine is that where a defendant files a declaration in offset on book account and the plaintiff consents to merge his original cause of action in the new one by presenting his claim to the auditor by way of offset to the defendant's claim, and the auditor in such circumstances passes upon and adjusts it, the matter is to be treated as adjudicated. This is, in substance, what was said in a case in which such a course had been taken, and the auditor's report adjusting the whole matter of litigation had been accepted and judgment thereon rendered by the county court. But there it was said that the plaintiff might have refused to submit his claim to the determination of the auditor, which is what the plaintiff here, in effect, did; and here, for sound reasons, the county court did not render a judgment which could be construed to cut off the plaintiff from proceeding with his cause of action.

The case of *Herrick* v. *Richardson* makes directly against the position taken by the defendants here.

The question of *res judicata* was again raised during the reception of evidence on the jury trial, but that question need not be discussed further.

The jury allowed the plaintiff to recover the amount of an item not entering into the judgment on the report of the au-

ditor, deducted therefrom the judgment in favor of the defendants on so much of the auditor's report as was accepted and allowed, and returned a verdict for the plaintiff for the balance shown.   Judgment was rendered on such verdict.

The only exception taken by the defendants, relied on here, and not already noticed herein, was to the charge of the court in construing the contracts in question.

The contracts were for the cutting, hauling, sawing and sticking up of logs, and for their manufacture into timber.   As to the measurement and counting, there were two provisions in the contracts.   One was that Holden & Martin should pay a certain amount when merchantable lumber had been shipped and counted.   The other was that the lumber should be counted in the piles and settlement made on that basis until the lumber had been finally shipped, when any error in the count should be rectified.

The lumber was put upon cars at a siding in Townshend, and the plaintiff's evidence tended to show that when the lumber was so loaded it was counted by employees of the defendants, who sent a statement of the count to the defendants' office at Brattleboro, that such count and measurement was accurate, and so, as the plaintiff claimed, controlling.

On the other hand the defendants claimed that such measurement was not accurate, that it was merely an estimate, and that it was not understood that it was to control.   The defendants' evidence further tended to show that the lumber was counted when taken from the cars at the places to which it had been consigned, that the defendants sent the plaintiff a statement of such count, and also furnished him a statement showing the count as made by their employees when the lumber was loaded on the cars as before stated.   The difference between the two counts was 76,404 feet, not allowed in the defendants' specification in its declaration in offset on book, and not covered by the judgment of the county court on the auditor's report, but litigated before the jury in the main case.

The court charged the jury, in substance, that the contracts did not provide that one set of measurement should prevail more than another, but that the correct measurement of merchantable lumber should prevail.

The defendants excepted to the charge in this respect on the ground that, under the contracts, the counts made when the

lumber was unloaded from the cars were to control. But such counts were not to control, but were for the rectification of errors, and the court was right in charging the jury that the correct measurement of the lumber must control. So the exception to the charge of the court was ill-grounded.

At the close of his brief the plaintiff discusses an exception which he took to the judgment on the report of the auditor claiming that he should have had the benefit of interest on a certain item. But to the final judgment which adjusted all matters, and allowed the offset that the plaintiff complains of, he took no exception. The case is here on the exceptions of the defendants alone.

*Judgment affirmed.*