NELSON BLOOD *v.* ROGER ENOS.

ORLEANS,
*August*,
1839.

In contracts for labor, where the plaintiff is not guilty of a wilful deviation from the terms of the contract, but fails to fulfil them, and has performed work beneficial to the defendant, he is entitled to recover, under the general counts for work and labor.

The true rule of damages, in such case, is to allow for the labor according to the contract price, deducting whatever damages the defendant has sustained, in consequence of the work not having been done according to the terms of the contract.

It is always in the power of the parties to a simple contract, to rescind the contract, before breach, by a naked agreement to that effect.

Whether such was the intention of the parties is an inference of fact to be made by the jury, from what passed between the parties.

When one party contracts to perform labor for another, according to certain stipulations, and performs part of the work, and is hindered from completing it, by the unlawful interference of the other, he may recover for past performance, under the general count for work and labor.

ASSUMPSIT, in two counts.

In the first count, the plaintiff alleged, in substance, that on the 15th day of November, 1835, in consideration that the defendant had then and there sold and delivered to the plaintiff, a yoke of steers for the sum of forty dollars, in part payment of the performance, by the plaintiff, on his part to be performed, of the following contract, viz., the plaintiff then and there undertook and promised the defendant to clear for the defendant a parcel of land belonging to the defendant, estimated to contain about seven acres, by the first of November, 1836, for the price of six dollars and fifty cents per acre, and the said steers were to be kept and used by the plaintiff from the time of the making of said contract, and were to become the sole property of the plaintiff on the completion of said contract. And the plaintiff averred that he entered upon the performance of said contract, and continued clearing said land until the 26th day of October, 1836, at which time he had nearly completed said contract on his part, when the defendant, without the consent and and against the will of the plaintiff, took the said steers from the plaintiff, thereby depriving the plaintiff of the further use of said steers in completing said contract, and has ever since retained said steers from the plaintiff. The plaintiff further averred that the defendant, on the day and year last

aforesaid, forbade the plaintiff's further performing said contract.

The second count was for work and labor, in common form. Plea, *non assumpsit*, and trial by jury.

On the trial in the county court the plaintiff introduced testimony tending to prove the contract alleged in his first count; and also proved that, in the spring and summer of 1836, he proceeded to fell all the timber upon said land, (except upon about one half acre,) and to cut up, fit for logging, a portion of the timber, and burned and cleared off a portion thereof. The witnesses estimated the entire work of said job to have been from one half to two thirds completed. The testimony also tended to prove that, in pursuance of said contract, the defendant, at the making thereof, delivered a pair of steers to the plaintiff, to be kept by the latter during the time given for clearing said land, and if the land should be cleared according to said contract, the steers were to become the plaintiff's property at the price of forty dollars and to go in part payment for clearing said land. That in the mean time said cattle were to be well and properly kept, and if the defendant became dissatisfied with their keeping, or use, he was at liberty to take them back.

It appeared that in September, 1836, the plaintiff left the country and did not return until some time in December after. The evidence tended further to show that previous to the plaintiff's leaving the country as aforesaid, and without the knowledge and consent of the defendant, he sold said cattle to his brother, one Harrison Blood, and received his pay for them, said Harrison, at the same time, agreeing with the plaintiff to proceed and fulfil said contract with the defendant. The defendant offered to prove, that, upon the plaintiff's leaving as aforesaid, it was generally reported and believed that he had absconded, but the evidence, being objected to, was excluded by the court. The plaintiff gave evidence further to show that on the 25th day of October, 1836, the said Harrison Blood commenced work, with one or two other hands, for the purpose of completing said job; that after he had worked that day, and began work the next, the defendant came to him upon said land, and enquired what he was about there? upon which the

said Harrison informed him he was going forward to finish the plaintiff's job; that the defendant then told said Harrison that he could not complete the job by the time limited, that it was useless to attempt it, and he need not try to do it; that he (the defendant) had come to take away said cattle, and that said Harrison remarked, that if the defendant was going to take away said cattle, he might as well do it then as ever. It appeared that the defendant did immediately take away said cattle and drive them home, and afterwards sold them to a third person. Nothing further was done upon said job. The jury were instructed if they found the plaintiff entitled to recover upon the special count, to give him the whole stipulated price for clearing said land. But their verdict was for some considerable less, indicating that they gave damages upon the other count. The defendant contested his liability upon the general count, on the ground that the special contract was not rescinded by the parties, nor violated, on his part, in any way which could discharge or excuse the plaintiff from a full and literal performance on his part; that, by the contract, the defendant had a right to retake the cattle at any time, and therefore that such retaking could not be a breach of the contract; that, at least, he had a right to retake them on account of the sale by the plaintiff to Harrison Blood. And also by reason of their having been overworked and poorly kept, upon which last point evidence was given on both sides. He further contended that although the retaking of the cattle might have been a breach of the contract, by him, it did not tend to excuse the plaintiff; that he had a right to retake the cattle, because the plaintiff had burnt coal pits on the land, which, according to most of the evidence, tended in some degree to injure it; and that if the time for completing the job had so nearly expired, when he took away the cattle, that its completion, by the terms of the contract, was highly improbable, he was justified in taking the cattle. He also insisted that the aforesaid declaration of Harrison Blood should be construed as an assent to his taking the cattle, and that his own declaration to the said Harrison, upon that occasion, ought not to be taken as any dispensation with the further literal performance of the contract by the plaintiff.

The court instructed the jury, in reference to the defen-

ORLEANS,
August,
1839.
───────
Blood
v.
Enos.

dant's liability upon the second count, substantially, as fol_lows. That so long as the special contract remained open and in force, the plaintiff could not abandon it, when but partly fulfilled by him, and recover under his general count for work and labor; that the general question must therefore be, whether that contract did remain open and binding on the parties during the whole time thereby limited for doing the job, or whether the plaintiff became discharged from completing it, by the act of the defendant in taking away the oxen, or by the mutual agreement on the part of the defendant and Harrison Blood? That the defendant had not, by the contract, an unlimited right to retake the cattle, but only upon some reasonable ground of dissatisfaction with their keeping or use, or by reason of the plaintiff's undertaking improperly to dispose of them; that, as to the manner of keeping and using the oxen, they would determine, from the testimony, whether any reasonable ground of dissatisfaction existed; that as to the other ground, any attempt by the plaintiff to sell the cattle outright, and thus disconnect them from the original contract, would be a faithless and unjustifiable act, and, if persisted in, would authorize the defendant to retake them; but that a transfer of the cattle, together with the contract, would not entitle the defendant to retake them, provided the assignment or transfer was made in good faith, and with an expectation and design that the contract with the defendant was to be duly performed; that, upon this part of the case, they would consider the evidence and determine whether the defendant acquired a right, on this ground, to interfere with the cattle; that the burning of coal pits on the land, if found to have injured the land, should properly be considered upon the question of damages, if the plaintiff recovered, but furnished no ground for taking away the oxen; that so long as the performance of the contract, according to its terms, had not become impossible, but only improbable and difficult, the defendant had no right to retake the oxen upon the mere ground of such improbability; that the possession and use of the oxen by the plaintiff, while doing said job, had doubtless, in the minds of the parties, an important connection with the execution of the contract, and therefore if they should find that the defendant took away the oxen without any justifiable cause, and without the con-

sent of Harrison Blood, they might consider the said Harrison as being at liberty thereafter to treat the contract as determined and put an end to by such act of the defendant, and, if so, the plaintiff would be entitled to recover upon the general count, and that, in such event, the rule of damages should be the amount of the actual benefit received by the defendant from the labor done by the plaintiff and Harri-Blood, towards the clearing of said land.

The jury returned a verdict for the plaintiff and the defendant excepted to the decision and charge of the court.

*Cooper & Redfield,* for defendant, cited Abbott on Shipping, 408. *Baylies et al.* v. *Fettyplace,* 7 Mass. R. 325. *Callonell* v. *Briggs,* 1 Salk. 112. *Thorpe* v. *Thorpe,* Ib. 172. *Countess of Plymouth* v. *Throgmorton,* Ib. 65. Coke Litt. 206. *Cutter* v. *Powell,* 6 Term. R. 320. Esp. N. P. 140. 4 Pick. 114. 6 Vt. R. 39, 386.

*C. W. Prentiss,* for plaintiff.

The opinion of the court was delivered by

REDFIELD, J.—The defendant complains of certain parts of the charge of the county court.

1. The jury were told they might give a verdict for the plaintiff, on the ground that he was released or exonerated from further proceeding in the work, by the mutual agreement of the defendant and Harrison Blood. Of the propriety of this part of the charge there can be no doubt. It is always competent for the parties to rescind a subsisting simple contract by a naked agreement to that effect. Whether this was the intention of the parties, is to be determined by the jury from what passed between them.

2. The jury were told, that if the defendant interfered and took the cattle away, without just cause of dissatisfaction, this would be such a violation of the contract as would justify the plaintiff in abandoning the contract. Of this, I apprehend, there can be no doubt. If the defendant violated the contract, on his part, and by taking away the cattle, without cause, put it out of the plaintiff's power to proceed with the contract, he must be permitted to recover for the labor he had performed. Whether the defendant acted capriciously and without good reason, was a question for the jury,

and which they have determined against him, which determination cannot be revised here.

Upon the general ground, too, that plaintiff had preformed labor on the defendant's land, which must go for his benefit, and which the plaintiff could not remove, he was entitled to recover as much as he had, upon the whole, benefitted the defendant. *Dyer* v. *Jones*, 8 Vt. R, 201. *Heywood* v. *Leonard*, 7 Pick. 181. The rule of damages, in these cases, seems to be to allow for the labor at the price agreed, and deduct the defendant's damages, which was, substantially, the rule given to the jury in this case. So that upon any view of the case, we do not perceive how the defendant had any just cause of complaint, so far as the charge was concerned.

The defendant offered to prove that, at the time the plaintiff left the country it was " reported" he had absconded. The *fact* whether he had absconded or not, was wholly immaterial, if he had left some one to fulfil this contract, which was the fact, and which the defendant learned before he took the cattle away, but that *fact* could not be shown by *common report*. We think the court below committed no error.

Judgment affirmed.