### IRA A. BAILEY v. JONATHAN BAILEY.

Articles of property delivered by one person to another, not in contemplation of creating any debt, or any obligation to pay for them, cannot be charged on book, nor recovered for in an action on book account.

The action on book account will not lie to recover damages for the breach of a special contract.

Nor to recover articles delivered in performance of a special contract, when the contract remains unrescinded.

BOOK ACCOUNT. On the hearing before the auditor the plaintiff presented an account for a colt, charged at $30, and for other articles, to the amount, in the whole, of $263, in reference to which the auditor reported as follows.

In June, 1837, the parties entered into an agreement, by which the plaintiff was to take the defendant's son, then about twelve years of age, and keep him to the time of his majority, and furnish him with suitable board and clothing, and give him, when he became of age, two suits of clothes and $100 in money, besides a certain colt of the value of $30, — which colt was accordingly delivered by the plaintiff to the defendant in the fall of 1837, and is the same charged in the plaintiff's account. The boy lived with the plaintiff until July 13, 1840, when, without any reasonable cause, and at the instigation, or by the permission of the defendant, his father, he left the plaintiff's employment,—the defendant then and still insisting that he had a right to take the boy away in case of dissatisfaction.

The auditor farther reported that all the articles charged in the plaintiff's account were furnished and delivered by the plaintiff to the defendant and his son in fulfilment of the aforesaid contract on his part ;—and that none of said articles were charged, nor intended to be charged, upon the plaintiff's book, until after the boy left the plaintiff in July, 1840.

The county court, upon these facts, rendered judgment for the defendant; to which the plaintiff excepted.

*C. W. Prentiss* for plaintiff.

The contract between the parties, as shown by the case, was

subject to a contingency, and the contract was wholly rescinded by the defendant previous to the commencement of this action. The contract, then, not being open and subsisting, the plaintiff was entitled to maintain this action. And see *Slason* v. *Davis*, 1 Aik. 73.

*S. Sumner* for defendant.

1. The plaintiff's remedy, if he has any, is by an action for damages for the non-performance of the contract; — but the action of book account will not lie for a breach of a special contract. 1 Sw. Dig. 582. *Miller* v. *French*, 1 Aik. 101. *Fry* v. *Slyfield*, 3 Vt. 249. *Blanchard* v. *Butterfield*, 12 Vt. 451. *Smith* v. *Smith*, 14 Vt. 440.

2. The plaintiff delivered these articles to the defendant in part performance of his contract. The right to charge them on book did not exist at the time of their delivery, and cannot be acquired by the happening of any subsequent event. *Slason* v. *Davis*, 1 Aik. 73. *Nason* v. *Crocker*, 11 Vt. 463.

The opinion of the court was delivered by

HEBARD, J. At the time the plaintiff delivered the articles charged in his account, did he do it in contemplation of creating any debt against the defendant? or in view of creating any obligation on the part of the defendant to pay for them ? If he did not, it is difficult to see upon what grounds he can claim to recover pay for them. If a contract existed between the plaintiff and the defendant, which required of the plaintiff the performance of the same duties which he in fact performed, then by so doing he was discharging *his own liabilities*, instead of imposing others upon the defendant. There was no *express* promise to pay the plaintiff for these articles, and from the facts found by the auditor none can be *implied*. The action on book cannot be sustained, unless there is a promise, express or implied, to pay for the articles charged. No action could be maintained to recover pay for these articles, for the reason that no promise, express or implied, exists to pay for them. The plaintiff was fulfilling his own promise, and discharging his own liability, by the delivery of them. The auditor has found the contract upon which the articles were delivered. If the parties had mutually rescinded this contract, a promise perhaps might have

83

been reasonably implied, that the defendant would pay for the articles thus delivered while the contract was in force. But the auditor finds that the defendant insisted upon his right, by the terms of the original contract, to take his boy away if he was dissatisfied; — which negatives the idea of the parties having rescinded the contract.

The auditor farther finds that the plaintiff did not charge the articles till after the boy left him,—and that, when delivered, he did not intend to charge them, — and nothing has since transpired which gives him any right to charge them. If the plaintiff has any claim upon the defendant, it is for damages for a breach of the contract, or for refusing to fulfil the contract, and the action on book account is not the appropriate remedy.

Judgment affirmed.