Hill *v.* Hovey et al.

from the defendant, at the commencement of this suit, could not be recovered in an action on book account.

The county court, March Term, 1853,—PECK, J., presiding,— overruled the motion to dismiss, and rendered judgment for plaintiff, on the report.

Exceptions by defendant.

*Wires & Peck* for defendant.

*Underwood & Hard* for plaintiff.

---

C. L. HILL *v.* DANIEL HOVEY AND OTHERS.

*Book Account. Contract. Condition Precedent.*

Where the plaintiff had contracted to lay a given quantity of floor in a certain building, and by the terms of the contract, the defendants were to furnish the boards, well seasoned, and neglected to furnish them as they were wanted by the plaintiff, and the plaintiff abandoned the job, *it was held* that the plaintiff was entitled to recover for what he had done.

And where the defendants, by the terms of their contract, assume to see the boards furnished as they should be wanted by plaintiff to lay the floor, it is a condition precedent to the performance of the contract, on the part of the plaintiff, to lay the floor.

The plaintiff was under no obligation to make a special demand on the defend-
ants for the boards, as it was equally within the means of the knowledge of the
defendants, as of the plaintiff, when they would be wanted to enable the work
to progress.

BOOK ACCOUNT.  Judgment to account was rendered in the
county court, and an auditor was appointed, who reported substan-
tially the following facts :

That in November, 1852, the plaintiff contracted with the de-
fendants, to lay the floors in two sections of the Mechanics' Shop
in Burlington, at the price of eighty and three-fourth cents per one
hundred superficial feet; the floors to be double, and laid with lum-
ber, as it came from the mill; the under flooring to be of green
plank, and the upper of seasoned stuff.

That this lumber was to be furnished to plaintiff, at the middle
door of said section, on the east side of said shop, by the defend-
ants through the Mechanics' Shop Company, under whom the de-
fendants had a contract including the flooring in question; but de-
fendants were not to be responsible for delays in the furnishing of
the lumber by said company.  But that it was the mutual ex-
pectation of the parties that the lumber would be furnished so
as to have the job completed by the first day of February,
1853.  That no time was specified when plaintiff should complete
his job, but it was mutually expected that it would be completed
by said first day of February.  That plaintiff soon after making
said contract went to work under it, and worked until the latter
part of January, 1853, when, no lumber being furnished him, with
which to proceed, he abandoned the job.

The auditor found that plaintiff had performed labor, under the
contract, to the amount of $137,49, at the contract price, and that
it was, in fact, worth that sum.  That the damage to the defend-
ants was $5 by plaintiff's abandoning the job, and that the defend-
ants had paid plaintiff $100, and the auditor found for plaintiff to
recover the balance $32,49 and interest from the first day of Feb-
ruary, 1853.

The auditor also found, that at the time plaintiff so abandoned
the job, there was no seasoned stuff for laying the upper flooring,
nor was any got ready by said company, in season to have com-
pleted the job by said first day of February, 1853.

The defendants insisted that plaintiff was not entitled to recover. But the county court, September Term, 1853, rendered judgment on the report of the auditor, for the plaintiff.

Exceptions by defendants.

The briefs of the counsel were not sent to the reporter, with the papers in the case.

*W. W. Peck* and *Underwood & Hard* for defendants.

————— ————— for plaintiff.

The opinion of the court was delivered by

BENNETT, J.   The defendants had contracted with the plaintiff to lay a given amount of floor, in the Mechanics' Shop, in the town of Burlington, at a given price, and the defendants were to find the floor boards which were to be well seasoned; and the report shows, that they neglected to supply them when wanted, and that plaintiff left the job unfinished on that account; and now the defendants deny his right to recover any compensation for what he has done. But we think he is clearly entitled to recover. The case is within the decisions which we have frequently made, allowing a party to recover for labor done by him under a special contract, though he had left the job unfinished.   The defendants, themselves, were the occasion of the plaintiff's leaving the job before he had performed the contract.   Besides the work was done upon a permanent fixture, and of which the plaintiff could have no benefit, and which operated for the benefit of the defendants, as doubtless the plaintiff was a sub-contractor under them.

The fact reported, that the defendants were not to be liable for their neglect, in not furnishing stock can have no effect in this action. All we are to understand by that is, that the plaintiff was not to have an action against the defendants for such neglect; and it should not defeat the plaintiff of his right to abandon the job, for a breach of contract on the part of the defendants.   We do not see that there is any ground for the claim, that the plaintiff should have given notice to the defendants before he quit the job.   It was the duty of the defendants to furnish the boards as they should be wanted for use.   No special demand was necessary to be made for them; and it was equally within the means of the knowledge of

---

---

the defendants, as of the plaintiff, when boards would be wanted to enable the work to progress; and by the terms of the contract the defendants had assumed to see them furnished, and this was a condition precedent to the performance on the part of the plaintiff.

The judgment of the court below is affirmed with costs.