DAVID A. SMALLEY v. JOHN SORAGEN.

*Book Account.*

Where an attorney, without authority from his client, settled and discharged a judgment by taking therefor notes payable at a future time, partly in money and partly in personal property, and subsequently sold the notes for less than their amount; *Held*, that the client's claim against the attorney for the difference between the amount of the judgment or the notes and the money received by him, was not a proper subject of charge on book, and could not be recovered in the action of book account.

The rule is the same, if the client seeks to enforce such a claim in that action, whether he be plaintiff or defendant.

So far as the attorney has actually *received money* for the notes, he cannot object to being charged therefor in the action of book account.—BENNETT, J.

BOOK ACCOUNT. The auditors allowed the plaintiff's account as presented by him, which did not include any of the items connected with the Carty suits and notes hereinafter described. In regard to the defendant's account, which was for the amount of the Carty notes, the auditors reported the following facts :

One Weller, residing in the state of New York, commenced a suit in the Chittenden county court against one Carty, and employed the plaintiff as attorney therein. This suit was litigated and proceeded to final judgment in favor of the plaintiff, and afterwards a suit was brought by the plaintiff in the name of the sheriff who served the writ in the original suit against the receiptors of the property attached therein. This suit was also litigated and terminated in a judgment in favor of the sheriff. Shortly after the first suit was brought, Weller assigned all his interest in the claim against Carty to the defendant, and from that time the defendant was the owner of the claim. In the course of the litigation growing out of this claim, an account accrued in favor of the plaintiff in prosecuting the above named suits, which, it was admitted by the defendant, constituted a proper lien on the judgments in said suits. None of the items constituting this account were objected to by the defendant except two charges of interest. At the time final judgment was rendered against the receiptors, there was some question whether the amount of the judgment could be collected against them, and the plaintiff, who controlled said judgment, settled the

same by taking six notes signed by James Carty, amounting to three hundred and five dollars, payable in one, two, three, four, five and six years from date, with interest, one-half in wood or grain, and one-half in money. This settlement was a judicious one, and such as a prudent business man would have made under the circumstances.

Shortly after said settlement was made, and said notes taken (which were taken payable to the plaintiff), the plaintiff called on the defendant and asked him to pay his account in the suits against Carty, and stated at the same time that unless the defendant paid the amount of his account, he should sell said notes for the best price he could get and deduct his account from the proceeds, and credit the defendant for the balance. To which the defendant replied that the plaintiff must get his pay out of the notes, and that he should not advance any more money in the Carty affair. The plaintiff thereupon informed the defendant that he should sell said notes, to which Soragen made no reply, except that he must get his pay out of the notes. The plaintiff, shortly after this interview, sold all the Carty notes for two hundred and forty dollars, which was the best price he could obtain for them, for which sum he gave credit in his account for services in the suits against Carty and the receiptors. The plaintiff never presented his account in the Carty business, either to Weller or Soragen, for payment, but about the time of the sale of the notes, he told the defendant the amount of his claims in the Carty suits.

The auditors allowed, *pro forma*, the whole of the plaintiff's account for services in the Carty suits, including the items of interest, and deducting that amount from the amount received by the plaintiff for the sale of the Carty notes, and deducted the balance from the balance shown by the account as presented by the plaintiff.

In the county court the defendant claimed that the plaintiff should account for the whole amount of the Carty notes, and objected to the allowance of the interest charged in the plaintiff's account for services in the Carty suits.

The county court,—PECK, J., presiding,—decided that the plaintiff should account for the whole amount of the Carty notes, and overruled the defendant's objection to the charges of interest, and rendered judgment for the plaintiff accordingly. Exceptions by the plaintiff.

Smalley *v.* Soragen.

—————, for the plaintiff.

The plaintiff's account for services in the Carty suits was against Weller, and not against the defendant, and was a lien on the judgments obtained by him. He could not collect it of Weller because he was out of the State, and therefore had no remedy except from the avails of the judgment. The settlement made by the plaintiff was "a judicious one" as found by the auditors, and as the defendant has found no fault with it, the court will presume that he has acquiesced in it. The defendant, by saying that he would not pay the account, but that the plaintiff must get it out of the notes, gave the latter authority to sell the notes for the best price he could get.

The plaintiff held the notes in pledge for his account, and on the failure of the equitable owner of the pledge, on request, to pay the account, the plaintiff had a right to dispose of the pledge to the best advantage.

*E. R. Hard,* for the defendant.

The plaintiff should account to the defendant for the full amount of the Carty notes, because—

1. An attorney, employed as such to collect a claim, has no authority, whatever may be the circumstances of the debtor or the chances of success in collecting the claim, to compromise with and discharge the debtor without full payment; nor, if the claim is for cash, to receive payment in anything but money. *Penniman* v. *Patchin,* 5 Vt. 346; *Vail* v. *Conant,* 15 Vt. 314; *Carter* v. *Talcott,* 10 Vt. 471.

2. Though the claim against the receiptors was not collectible, yet Smalley had no right to make the settlement he did, because the sheriff would be liable for any failure of the receiptors to pay the judgment in the original suit against Carty.

3. The conversation between Smalley and Soragen concerning the payment of Smalley's account, does not furnish any evidence of any previous authority to receive the Carty notes, nor of a ratification by Soragen of such a settlement of the judgments; nor of any authority from Soragen to dispose of the Carty notes for less than their amount.

The opinion of the court was delivered by

BENNETT, J. The main controversy in this case arises out of

Smalley *v.* Soragen.

the plaintiff's having taken James Carty's notes in settlement of the judgment against him in the name of the sheriff, and the sale of those notes at a discount to Mr. Fletcher. We do not find it necessary to decide the question whether the plaintiff transcended his powers in the taking and sale of the notes.

There was, no doubt, evidence before the auditors tending to prove a ratification of the acts of the plaintiff by the defendant, and yet we do not understand by the report that the auditors have found a ratification, and no such ratification could, in point of fact, have been inferred from the report by the county court; and this court will not make inferences of fact which the county court did not make, in order to reverse their judgment.

If we assume the ground which the defendant's counsel has assumed, that the plaintiff acted in his own wrong in the taking and sale of the notes, we think the judgment of the county court must be reversed. The book action will not lie to recover damages for the breach of a special contract. 16 Vt. 656; 21 Vt. 507.

The defendant's claim against the plaintiff upon the ground assumed, is for damages occasioned by his transcending his authority as an attorney, and his damages would be measured by the amount of his loss actually sustained, and not necessarily by the nominal amount of his claim against Carty. Such unliquidated damages cannot be adjusted in the book action, whether we consider them as arising from a tort, or the breach of an implied contract. The defendant's claim against the plaintiff is subject to the same rules as it would be if he was plaintiff in the suit. So far as the plaintiff has actually received money on the notes, so far he does not object to the charge against him, and I should apprehend he could not; but it may well be questioned, whether the course adopted by the defendant in charging his claim on book, and claiming to have it adjusted in that form of action, does not, on his part, amount to an affirmance of the whole transaction on the part of the plaintiff.

We see no reason why the plaintiff should not be allowed the two items in his account for interest. It has long been the practice in this state to allow interest on unsettled accounts, and we do not understand that any objections are made as to the manner or time of its computation.

The result is, the judgment of the county court is reversed and judgment rendered on the report for the plaintiff, according to the report of the auditors, not charging the plaintiff with the discount made by him on the sale of the notes to Fletcher.