JULIUS W. RUSSELL'S EXECUTRIX *v.* CLARENCE J. FERGUSON.

October Term, 1904.

Present: ROWELL, C. J., TYLER, START, WATSON, and POWERS, JJ.

Opinion filed May 18, 1905.

*Attorneys—Liability   for   Costs — Evidence—Custom   and Usage.*

An attorney is not, by virtue of that relation alone, liable for fees accruing in suits brought by him.

Attorneys may by custom become responsible for fees in suits brought by them, if the custom is of the requisite character.

But a custom, in order to change the rights and liabilities of persons *prima·facie* arising from their dealings with each other, must be certain, uniform, and either known to the party sought to be charged thereby, or so general and notorious that knowledge and adoption thereof may be presumed.

The law as to the measure of proof of such custom is somewhat exacting, and before the question can be submitted to the jury, evidence must be produced which, when fairly and reasonably considered, would establish a custom of the requisite character.

Evidence considered and *held* insufficient to justify the jury in find-
ing a custom by which attorneys entering a case in a city court
became personally liable to the judge for accruing court fees.

GENERAL ASSUMPSIT. Pleas, the general issue, payment,
Statute of Limitation, and tender. Trial by jury at the March
Term, 1904, Chittenden County, *Munson, J.*, presiding. Ver-
dict ordered for the defendant, and judgment thereon. The
plaintiff excepted. The opinion states the case.

*Powell & Powell* for the plaintiff.

Custom may render an attorney personally liable on con-
tracts made by him for his client. 12 Cyc. 1073; *Wires* v.
*Briggs,* 5 Vt. 102; *Doughty* v. *Paige,* 48 Ia. 483.

*Brown & Taft,* and *V. A. Bullard* for the defendant.

In the absence of a special contract, attorneys are not
liable for fees in their clients' cases. *Sargent* v. *Pettibone,*
1 Aikens 355; *Briggs* v. *Wires,* 5 Vt. 101; *Christmas* v. *Rus-
sell,* 2 Metc. (Ky.) 112; *How* v. *Cadman,* 4 Me. 82; *Moore* v.
*Porter,* 13 S. & R. (Pa.) 100.

Even a universal custom will not establish an implied con-
tract, unless it appears that defendant knew of the custom.
*Mayberry* v. *Mansfield,* 58 E. C. L. 754.

POWERS, J. The plaintiff seeks by this action to recover
certain court fees alleged to be due from the defendant on
cases entered by him as attorney for others in the City Court
of Burlington while the late Judge Russell was judge of that
court. At the close of the plaintiff's evidence, the defendant
moved for a verdict. This motion was overruled and the case
submitted to the jury. Later, the jury having reported with-
out agreement, the motion was granted, a verdict for the de-

fendant was ordered and returned, and the plaintiff excepted. So the only question for us to consider is whether on the evidence as it stood, without regard to its admissibility, this verdict should have been ordered.

There was no evidence in the case that the defendant, who, in the cases on which these fees accrued, was the mere agent of his clients, was under any special engagement with Judge Russell to pay them. Whatever the rule may be in other jurisdictions, it has long been the settled law of this State that an attorney is not, by virtue of that relation alone, liable for fees accruing in suits brought by him. *Wires* v. *Briggs,* 5 Vt. 101. But attorneys may by custom become responsible for fees of this kind, if the custom is of the requisite character, for it is simply the case of an agent becoming personally liable on contracts made for his principal. 12 Cyc. 1073. And the plaintiff here relies solely for a recovery upon the custom which she says has prevailed in the city court of charging the fees to the attorney entering the case,—a custom which she says is well established, uniform, notorious and of long standing.

A custom in order to be controlling, in order to change the rights and liabilities of persons arising from their dealings with each other, must be certain, uniform, and either known to the party sought to be charged thereby, or so general and notorious that knowledge and adoption of it may be presumed. *Ball, etc., Exhibition Co.* v. *Pickett,* 22 L. R. A. 690; *Bank* v. *Grafflin,* 1 Am. Rep. 66; *Harper* v. *Pound,* 10 Ind. 32; *Smith* v. *Gibbs,* 44 N. H. 335; *Linsley* v. *Lovely,* 26 Vt. 123.

The law as to the measure of proof is somewhat exacting. And while the mere fact of a conflict in the testimony as to the existence of the custom or usage relied upon does not, as matter of law, negative the same, yet before the ques-

tion can be submitted to the jury, evidence must be produced which, when fairly and reasonably considered, would establish a custom of the character above specified. *Milroy* v. *Railway Co.,* 98 Ia. 188. So it is held that evidence by the plaintiff and his witnesses to the effect that they have individually assumed a custom to exist, and have acted on it, although they have not tested it nor heard of it from others, is legally insufficient to establish it. *Duling* v. *Railroad Co.,* 66 Md. 120, 6 Atl. 592. In *Linsley* v. *Lovely, supra,* though there was some evidence tending to show a custom, this Court held that the question of custom was properly charged out of the case,—the effect of the holding being, as stated in the head-note, that if such custom or usage is not fairly proved, it should be laid wholly out of the case.

An analysis of the evidence in this case discloses a failure to establish a binding custom both in character and measure of proof. The witnesses were five in number: Judge Hawkins, who was clerk of the city court during a larger part of the time that Judge Russell presided over it, and four members of the Chittenden County Bar. There were dockets and ledgers used at the trial, but they are not before us. Judge Hawkins' direct testimony tended to prove a custom on Judge Russell's part to charge fees to the plaintiff's attorney, unless an arrangement was made to the contrary at the time the case was entered. But the exceptions to this rule and the variations from it disclosed by his cross-examination and the admission of plaintiff's counsel so mar the certainty and uniformity of the custom, that his testimony taken as a whole, could not sustain a legal inference that the defendant knew of it and acquiesced in it so as to make it binding upon him.

The testimony of the other witnesses was even more unsatisfactory. One said it was the custom to charge the fees to attorneys *so far as he had any knowledge of it.* But it did

not appear that he knew anything about it except what was done in his own cases; and of these, it appeared that the fees were forgiven by Judge Russell in more instances than they were charged to him. Another testified that the fees were always charged to the attorneys *as he understood it*. But the basis of his understanding did not appear, except what might arise from his own relations with the city court, in which he brought four suits for others during the six years Judge Russell presided over it. The third attorney testified in effect that there was a custom and practice in the city court of charging court fees to the plaintiff's attorney, but that it was not universal, and was subject to a great many exceptions, and that he, himself, was never asked to pay court fees unless he had collected them of his client. The fourth attorney testified that he did not know about the custom except in his own cases; that he always paid his fees in advance from money collected from his clients and that he didn't know that fees were being charged to him.

There was not enough in this evidence to make out a custom so well established and uniformly acquiesced in, that the jury could be fairly justified in inferring that it was known to the defendant, and that it entered into his mind, and made, by implication, a part of his engagement in his dealings with the city court.

*Judgment affirmed.*