## J. MERRILL LORD vs. JOHN G. DOWNS.

### York. · Opinion December 5, 1914.

*Assignment.   Co-partnership.   Dissolution.   Insurance.   Premiums.   Renewal of Policies.   Right of Assignee to Sue in his own Name.*

The defendant obtained the renewal of two policies of insurance through the agency of Lord and Fenderson, and the premiums were paid by Lord and Fenderson.   Subsequently, the firm of Lord and Fenderson was dissolved.   At the dissolution, by mutual agreement between the parties, Lord took the assets, became liable for the debts, and settled with Fenderson on this basis; the account in suit being received at its face value.   It was also understood between the parties that if suits were necessary for the collection of bills due the partnership, that such suits should be brought in the name of Lord, and the written assignment on June 1, 1913, was in furtherance of this agreement.

*Held:*

1.   That this written assignment was confirmatory of his title and enabled Lord to bring suit in his own name, under Revised Statutes, Chap. 146, Sec. 84.

2.   The oral agreement constituted an equitable assignment to Lord and would authorize him to bring suit in the name of the assignor, but not in the name of the assignee.

3.   A partnership is regarded as continuing, even after a dissolution, for the settlement of its affairs, and each partner retains the full possession of his former powers, unless a different arrangement has been made.

On report.   Judgment for plaintiff for $35.52, with interest from date of the writ.

This is an action of assumpsit upon an account annexed, and also upon a count for money laid out and expended at the request of the defendant to recover certain insurance premiums due the partnership firm of Lord and Fenderson, which was dissolved on December 31, 1912; and this suit was brought in the name of the plaintiff Lord as assignee of said claim by said firm.   Plea, general issue.   At the conclusion of the evidence, by agreement of parties, this case was withdrawn from the jury and reported to the Law Court for decision. Upon so much of the evidence as is legally admissible, the Law Court is to render such judgment as the legal rights of the parties require.

The case is stated in the opinion.
*Allen & Willard*, for plaintiff.
*Connellan & Connellan*, for defendant.

SITTING:  SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON,
   PHILBROOK, JJ.

CORNISH, J.  The plaintiff, as assignee of the firm of Lord and
Fenderson, seeks to recover from the defendant, certain insurance
premiums alleged to have been due to the partnership.   Two defenses
are presented, one a question of fact and the other a matter of law.

The defendant, in the first instance, says that he is not liable
because he neither placed this insurance with the firm nor authorized
them to place it in his behalf.   The evidence on this issue is contra-
dictory, and the burden rests on the plaintiff, but in our opinion that
burden has been fully sustained.   The defendant, in 1909, purchased
certain real estate on which were two existing policies of insurance
that were assigned to him at that time.   Both of these policies came
through the agency of Lord and Fenderson, one being placed directly
by them and the other indirectly through the Batchelder agency at
Sanford.   About the time of their expiration in July, 1911, the plain-
tiff called upon the defendant and asked him if he wished to have the
policies renewed.   The plaintiff testifies that the defendant then and
there authorized their renewal, but the defendant, while admitting
the conference, claims that he authorized only a blanket policy.
The defendant then signed an application for renewal in one company
and gave it to the plaintiff who subsequently obtained the policy.
Renewal of the other policy through the Batchelder agency was also
obtained, the premium being paid by Lord and Fenderson.   The
plaintiff claims that both policies were mailed to the defendant, but
he denies receiving them.   Several statements of account were
subsequently sent to him, to which he paid no attention and made no
answer.   The firm of Lord and Fenderson was dissolved on December
31, 1912, and this suit was brought by Mr. Lord to whom this claim
had been assigned by the firm.   It would serve no practical end,
either in the decision of this case or as a precedent in others, to
discuss the evidence in detail.   It is only necessary to say that the

testimony, the conduct of the parties, and the surrounding circumstances impel us to the conclusion that the plaintiff's contention is right, and the defendant's liability is established.

The defendant's second contention is that the plaintiff cannot maintain this action as assignee, because at the dissolution in December, 1912, this account was assigned orally to the plaintiff, that he "thereby then and there became the owner of this account against John G. Downs and that, therefore, he should bring suit under the name of Lord and Fenderson; and further that his written assignment, dated June 1, 1913, conveyed nothing for the reason that this account had already been assigned orally."

The uncontradicted facts relating to the dissolution and assignment are these. At the dissolution by mutual agreement between the parties Mr. Lord took the assets, became liable for the debts, and settled with Mr. Fenderson on that basis, this particular account being reckoned at its face value and Mr. Fenderson receiving his due share thereof. This constituted an equitable assignment to Mr. Lord and would authorize the bringing of the suit in the name of the assignor but not of the assignee. *Serata* v. *Surace,* 111 Maine, 508.

But it was also understood between the partners that if any suits were necessary for the collection of the bills due the partnership, such suits should be brought in the name of Mr. Lord, and this assignment made on June 1, 1913, was executed in furtherance of that agreement. The fact that it was not signed on the exact date of the dissolution does not destroy its force. When executed it related back to the oral assignment which had been made for a valuable consideration. Fenderson had ceased to have any financial interest in the claim on December 31, 1912, and from that time forward it belonged to Lord. This written assignment was merely confirmatory of his title and enabled him to bring suit in his own name under R. S., Chap. 146, Sec. 84. Independent of such an agreement, a partnership is regarded as continuing, even after a dissolution, for the settlement of its affairs, and each partner retains the full possession of his former powers unless a different arrangement had been made. *Gannett* v. *Cunningham,* 34 Maine, 56.

The plaintiff's legal right to maintain this action in his own name is clear.

> *Judgment for plaintiff for $35.52 with*
> *interest from date of the writ.*