E. L. STODDARD & SON *v.* VILLAGE OF NORTH TROY.

February Term, 1930.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed May 7, 1930.

*Frank S. Rogers* and *Stanley C. Wilson* for the defendant.

*Gelsi Monti* and *Raymond Trainor* for the plaintiffs.

MOULTON, J. This is an action of contract, and the declaration is in two counts, one based upon the breach of a written contract, and the other for work and labor. The defendant pleaded a general denial and payment, and filed a declaration in offset in book account. The only disputed item in the defendant's account was found by the court, and the case went to trial by jury on the items of the plaintiffs' specifications. There was a verdict for the plaintiffs. The case is before us on the defendant's exceptions.

The suit was originally brought in the name of Elmer W. Stoddard, a member of the partnership of E. L. Stoddard & Son, as assignee of the cause of action from Edgar L. Stoddard, the other partner. The assignment was in writing, and dated April 16, 1927. The writ issued April 22, 1927, and the assignment was alleged in both counts of the declaration. On

January 1, 1928, the partnership filed a certificate of cessation of business, as required by G. L. 5746, as amended by No. 157, Acts 1919. Thereafter, and shortly before the trial, Edgar L. Stoddard was permitted to enter as a party plaintiff, and leave was given to prosecute the cause in the name of Elmer W. Stoddard & Son, a partnership consisting of Elmer W. Stoddard and Edgar L. Stoddard, and to amend the declaration by striking out the allegations of the assignment.

The written contract, which was dated June 9, 1926, between the plaintiff partnership and the defendant village, provided that the latter should furnish the former with at least $5,000 worth of work in the construction of new sidewalks and curbing, and in the resurfacing of sidewalks at specified prices for each kind of work. Payment was to be made weekly for all work; but the defendant was to hold 10 percent. of the price as a guaranty of good workmanship until the work was finished, when the sum was to be deposited in a specified bank at interest for five years. If no repairs became necessary within that time the money was to be paid over to the plaintiffs, their heirs or assigns; otherwise they were to make the necessary repairs and to receive the money. If they failed to make the repairs the defendant was at liberty to use the money as it saw fit. The defendant agreed to furnish the grade, do the excavating and filling, and furnish sand, gravel, and stone free of cost to the plaintiffs, except for the hauling. The plaintiffs were to furnish all the necessary materials and labor except as otherwise stated, and they agreed to buy all the necessary tar and pitch from the defendant. The plaintiffs sought to recover for loss of profits caused by the claimed failures of the defendant to do the excavating and filling; to furnish sand, gravel, tar and pitch as agreed; to pay weekly, except for the retention of ten percent; and to furnish $5,000 worth of work.

Under the second count recovery was sought for certain so-called extra work claimed to have been performed by the plaintiffs under the promise of the defendant to pay.

The first ground for reversal upon which the defendant insists lies in the admission of certain testimony of Elmer L. Stoddard. He testified without objection that before the signing of the contract he had some talk with one of the trustees of the defendant village with respect to furnishing the grade mentioned in the contract. He was then asked: "What was the

talk with reference to the grade?" Counsel for the defendant interposed, "May it be under our objection on the grounds previously stated?" The Court said, "Yes," and the witness proceeded to answer, in effect that, since there was no civil engineer in town, the trustee asked him to set the grade, which he agreed to do.

■ ■ It may be doubted whether the language of counsel, above quoted, is sufficient to reserve a question for review. Merely to state an objection, without taking an exception, is not enough. *Newton* v. *Am. Car Sprinkler Co.*, 88 Vt. 487, 494, 92 Atl. 831; *Townshend* v. *Townshend*, 84 Vt. 315, 317, 79 Atl. 388; *State* v. *Sawyer*, 67 Vt. 239, 240, 31 Atl. 285; *Slayton, Trustee* v. *Drown*, 93 Vt. 290, 296, 107 Atl. 307. But if we assume the exception to be. available, whatever error there may have been was harmless, because the transcript shows that later in his direct examination, the witness testified to the same effect without objection or exception. *People's Nat. Bank* v. *Brunelle*, 101 Vt. 42, 47, 140 Atl. 160; *Residents of Royalton* v. *C. V. Ry. Co.*, 100 Vt. 443, 450, 130 Atl. 782; *Burke* v. *Power's Estate*, 100 Vt. 342, 345, 137 Atl. 202.

■ Several exceptions are briefed together by the defendant, and we so consider them here. It appeared that the negotiations leading up to the signing of the written contract were conducted on the part of the defendant by a Mr. Fowler, one of the village trustees, and on behalf· of the plaintiffs by Elmer L. Stoddard. Subject to defendant's exception, the latter was permitted to testify that prior to the execution of the contract there was talk between them as to where the sand and gravel and stone was to be obtained, because he desired to know how far it would have to be hauled before he made a price for his work, and that Mr. Fowler pointed out to him a certain sand and gravel pit and said that the village had a stonecrusher which was to be set up in a particular place and that he could have stone from the crusher. This arrangement, it appeared, would require hauling for distances varying from one hundred yards to three quarters of a mile. But, he testified, after the execution of the contract Mr. Fowler told him that the stone crusher was not to be set up, and that he would have to get his stone at Jay Brook or at the Missisquoi River, which would compel him to haul the material between two and five miles, and Mr. Fowler said that the defendant village would pay for the

difference in hauling thus rendered necessary. The plaintiffs sought to recover, under the second count of the declaration, for this difference in hauling, which was a part of what was denominated "extra work."

The objection to this evidence was that it varied the terms of the written contract by parol, and it is argued that, since the instrument did not confine the location of the material to a particular place, the plaintiffs were obliged to do the hauling wherever it was situated. It is claimed that there was no contract as to the hauling based upon a sufficient consideration.

However, assuming the correctness of the defendant's contention regarding the construction of the written contract, in the absence of a stipulation therein concerning the location of the material, still the evidence of the conversation which took place before the signing of the instrument was admissible, not as tending to vary its terms, but as explanatory of the situation under which a subsequent modification of it was made. The evidence of what was said after the signing tended to show such a modification. The contract was not under seal and it is not claimed that it was one required to be in writing under the statute of frauds. The parties might, therefore, at any time before a breach of it, by a new contract not in writing, waive, dissolve, or annul the former agreement, or in any manner add to, subtract from, or vary, or qualify its terms, and thus make a new contract. *Powers* v. *Rutland, R. R. Co.,* 88 Vt. 376, 394, 395, 92 Atl. 463, and cases cited. Since the original contract was executory, and no breach had as yet occurred, no new consideration was required. *Hill et al.* v. *Scott,* 101 Vt. 356, 361, 143 Atl. 276. These exceptions are not sustained.

The plaintiff offered to show by Elmer L. Stoddard that, after the contract had been signed, the village officials instructed him to furnish the grade, which under the contract it was the defendant's duty to do, and that the defendant would pay for it. The evidence was received, and the defendant excepted. No ground of objection was stated and so the question is not for consideration here. *Gray* v. *Brattleboro Trust Co.,* 97 Vt. 270, 274, 122 Atl. 670; *Morgan* v. *Gould,* 96 Vt. 275, 279, 119 Atl. 517; *Twombly* v. *Piette,* 99 Vt. 499, 510, 134 Atl. 700. Indeed, the offered evidence was clearly relevant and material, because it tended to show a subsequent verbal modification of the written contract.

■ One item in the plaintiffs' claim for extra work was for screening the gravel obtained at Jay Brook and the river after the talk with Mr. Fowler. Elmer L. Stoddard testified, without objection, that the screening of river material was necessary, but that crusher material did not require it. He also testified that he made no charge for such screening as it would have been necessary to do at the sand pit, but only for the extra screening done in carrying out Mr. Fowler's instructions.

A witness called by the defendant was asked upon direct examination:

"In the contracting business is there a usage as to whether or not screening is a part of the contract price for doing the work when not mentioned?"

Upon objection being made, the defendant offered to show "that in the contracting business where screening is not especially mentioned the contractor always does it." The offered evidence was excluded and the defendant excepted. Here was no error. Under the circumstances the question of usage or custom was not material. No fixed contract price was involved. Recovery was sought for the fair and reasonable value of work performed under the verbal modification of the written contract, and in determining this value the necessity and cost of screening the river material, which would not have existed if the stone had been taken from the crusher, was to be considered.

■ Furthermore, such a usage or custom would be admissible in evidence only if both parties to the contract were cognizant of it, and entered into the agreement with reference to it, *Moncion* v. *Bertrand,* 98 Vt. 332, 339, 127 Atl. 371; or if it were so general or notorious that knowledge or adoption of it might be presumed. *Russell's Executrix* v. *Ferguson,* 77 Vt. 433, 435, 60 Atl. 802. The offer did not bring the proposed testimony within this rule, and the exclusion was proper for this reason if for no other.

■ The defendant claims that the plaintiffs voluntarily abandoned the contract before completion and therefore are not entitled to recover in this action. A careful examination of the exceptions taken on trial fails to reveal that this question was raised below, at least so explicitly as to apprize the court of the real point involved. Neither does the defendant in its brief point out where it may be found in the tran-

script, nor in what manner it was raised. The burden is upon the excepting party to produce before us a record showing that such an exception was saved. *Higgins, Admr.* v. *Metzger,* 101 Vt. 285, 296, 143 Atl. 394; *Cummings* v. *Insurance Co.,* 101 Vt. 73, 82, 142 Atl. 82; *Robinson* v. *Leonard,* 100 Vt. 1, 134 Atl. 706; *Shores* v. *Simanton,* 99 Vt. 191, 195, 130 Atl. 697; *Kimball* v. *Insurance Co.,* 98 Vt. 192, 207, 126 Atl. 553. The record is to be construed against the excepting party. *First National Bank* v. *Bertoli,* 88 Vt. 421, 425, 92 Atl. 970. Questions not raised below are not for consideration here. *Temple* v. *Atwood,* 100 Vt. 371, 372, 137 Atl. 321; *McAndrews* v. *Leonard,* 99 Vt. 512, 519, 134 Atl. 710; *Donovan* v. *Towle,* 99 Vt. 464, 467, 134 Atl. 588; *Picknell* v. *Bean,* 99 Vt. 39, 40, 130 Atl. 578.

Nevertheless, since both plaintiffs and defendant in their respective briefs and arguments treat this question as being somehow in the case, it may be said that the point is not well taken. The plaintiffs justified the stoppage of the work by claiming that the defendant prevented them from proceeding by failing to furnish the necessary tar and pitch. The defendant says that the plaintiffs had not paid in full for that already furnished. But the evidence of the plaintiffs tended to show that, at that time, the defendant was indebted to them in a sum exceeding the unpaid balance, for work and labor done under the verbal modification of the written contract. This evidence being in the case, it could not be said as a matter of law that the plaintiffs were themselves in default, and so not justified in the abandonment of the work. The furnishing of the tar and pitch by the defendant was a condition precedent to the performance on the part of the plaintiffs. *Hill* v. *Hovey,* 26 Vt. 109, 112. Whether the defendant acted capriciously and without good reason in refusing to furnish it was a question for the jury. *Blood* v. *Enos,* 12 Vt. 625, 629, 36 A. D. 363.

At the close of all the evidence the defendant moved for a directed verdict. The motion was denied, and an exception noted. The first ground for the motion was that the evidence, viewed in the light most favorable for the plaintiffs, wholly failed to establish any right of action arising out of the contract alleged in the declaration. This fails to point out any precise basis upon which it is predicated, and is too general for consideration. *Saliba* v. *N. Y. C. R. R. Co.,* 101 Vt.

427, 434, 144 Atl. 194; *Porter Screen Co.* v. *C. V. Ry. Co.*, 92 Vt. 1, 6, 102 Atl. 44.

The next four grounds for the motion are in effect that on the undisputed evidence the defendant was entitled to a verdict under its declarations in offset, because no recovery could be had for extra work done outside of the written contract, and even if the defendant had promised to pay for it, there was no consideration for the promise; and that all such items, except a small one conceded by the defendant, should be stricken out. What we have said elsewhere in this opinion is applicable here. There was no error in overruling the motion upon this ground.

 The defendant also moved that the case should be taken from the jury and the facts found by the court on the ground that the nature of the case was such that it was not proper for the cognizance of the jury. This motion was overruled, subject to defendant's exception. It is argued that the case involves an accounting, and is an action of book account and nothing else, and as such not "proper for the cognizance of a jury" within the meaning of the Vermont Constitution Ch. 1, Art. 12 and Ch. II, Art. 30, as was held in *Hall* v. *Armstrong*, 65 Vt. 421, 431, 26 Atl. 592, 20 L. R. A. 366.

But the filing of the defendant's declaration in book account, in offset, even though, as here, the plaintiffs' side of the account, as the defendant claimed it to be, was included as a credit, did not supersede the plaintiffs' declaration, and deprive them of the right to try their own case upon their own declaration. The items of the plaintiffs' specification were proper for determination in an action of contract, which had been of right brought and which the plaintiffs were entitled to have tried by jury. *Holden* v. *Martin*, 91 Vt. 1, 5, 99 Atl. 272. The action of book account will not lie for the recovery of damages for the breach of a special contract (*Smalley* v. *Soragen*, 30 Vt. 2, 5; *Scott* v. *Lance*, 21 Vt. 507, 514; *Bailey* v. *Bailey*, 16 Vt. 656, 658, at least in the absence of an agreement, express or implied, that such item should be brought into the settlement of the account. *Chamberlain* v. *Farr*, 23 Vt. 265, 272. Nor, in like manner, will it lie for the recovery of such items as those here denominated as "extra work." See *Nelson & Wallace* v. *Gibson*, 90 Vt. 423, 431, 98 Atl. 1006.

 The defendant moved to dismiss for lack of jurisdiction because the suit could not be maintained under the name

of the partnership which was not then registered. It is not claimed that at the time the writ issued the partnership was not registered as required by G. L. 5739. Therefore, the court would have had jurisdiction of the process if the partnership had been the original plaintiff. *Wilson Bros. Garage* v. *Tudor*, 89 Vt. 522, 524, 95 Atl. 794; *Nemie* v. *Todd*, 89 Vt. 502, 506, 96 Atl. 14. The fact that the firm had subsequently filed a cessation certificate does not affect the situation.

No new process had issued thereafter. Even after the cessation of business, the firm still existed in a limited sense for the purpose of winding up its affairs and the collection of such claims or debts as might be due to it. *Torrey* v. *Baxter*, 13 Vt. 452, 457; *Davis* v. *Megrez*, 55 N. J. Law, 427, 26 Atl. 1009, 1011; *Roby* v. *Am. Central Ins. Co.*, 120 N. Y. 510, 24 N. E. 808, 809; *Lord* v. *Downs*, 112 Me. 396, 92 Atl. 327, 328; *Thanos* v. *Thanos*, 313 Ill. 499, 145 N. E. 250, 252; *Western Stage Co.* v. *Walker*, 2 Iowa, 504, 65 A. D. 789, 791. And see *Ayer* v. *Ayer*, 41 Vt. 346, 349, 350.

Moreover, Elmer W. Stoddard, as assignee, had the right at common law to use the name of his assignor in a suit to enforce the demand. *Halloran* v. *Whitcomb*, 43 Vt. 306, 313. He could do this even though the partnership itself was no longer doing business. *St. Albans Granite Co.* v. *Elwell & Co.*, 88 Vt. 479, 482, 483. G. L. 1800 permitted him to sue in his own name, but did not deprive him of the right to use that of his assignor. There was no error in the denial of the motion to dismiss.

Other exceptions were taken, but what we have already said in the course of this opinion disposes of all the questions involved.

*Judgment affirmed.*